**Opinion filed February 7, 2019**



# In The

# Eleventh Court of Appeals

_____

## No. 11-18-00213-CV
_____

## IN THE INTEREST OF J.S., A CHILD

**On Appeal from the 326th District Court**
**Taylor County, Texas**
**Trial Court Cause No. 8866-CX**

## M E M O R A N D U M   O P I N I O N

The trial court entered an order in which it terminated the parental rights of J.S.'s parents. The mother filed an appeal. On appeal, she complains of the admission of two exhibits into evidence; those exhibits contain the results of drug tests. We affirm.

In this case, the trial court found that Appellant had engaged in conduct or knowingly placed the child with persons who engaged in conduct that endangered the child's physical or emotional well-being and that she had failed to comply with the provisions of a court order that specifically established the actions necessary for her to obtain the return of the child. *See* TEX. FAM. CODE ANN. § 161.001(b)(1)(E), (O) (West Supp. 2018). The trial court also found that termination of Appellant's

parental rights would be in the child's best interest. *See id.* § 161.001(b)(2). Appellant does not challenge those findings in this appeal.

In her sole issue on appeal, Appellant argues that the trial court abused its discretion by failing to follow the "correct" standard for the admission of drug-test results in a parental termination case. The drug-test results about which Appellant complains were admitted into evidence as Exhibit Nos. 5 and 6. Exhibit No. 5 contains the results of Appellant's drug tests, all of which were positive for marihuana. Exhibit No. 6 contains the results of J.S.'s drug test, which also came back positive for marihuana. The Department of Family and Protective Services offered these exhibits into evidence as business records. *See* TEX. R. EVID. 803(6) (providing that records of a regularly conducted business activity may be admissible as an exception to the hearsay rule). The first page of each exhibit is an affidavit for business records that was sworn to by Terri B. Holstead, as custodian of records for Texas Alcohol & Drug Testing Service, Inc. *See* TEX. R. EVID. 902(10) (providing that a business record accompanied by an appropriate affidavit is self-authenticating).

Appellant asserts that Exhibit Nos. 5 and 6 should not have been admitted into evidence because they lacked trustworthiness. Appellant points out that the tests were performed at Quest Diagnostic's lab in Lenexa, Kansas, and that the tests were not performed by Texas Alcohol & Drug Testing Service, Inc.: the company in Houston, Texas, whose custodian of records signed the business records affidavit. Appellant also argues that the standard that applies in criminal cases with respect to the admissibility of drug-test results applies in parental termination cases. She relies on *In re K.C.P.*, 142 S.W.3d 574, 580 (Tex. App.—Texarkana 2004, no pet.); *In re A.D.H.–G.*, No. 12-16-00001-CV, 2016 WL 3182610, at *5–6 (Tex. App.—Tyler June 8, 2016, no pet.) (mem. op.); and the authorities cited therein to support her contention.

Assuming that Appellant is correct in her contention that the trial court abused its discretion in admitting the exhibits, we hold—as did the courts of appeals in *A.D.H.–G* and *K.C.P.*—that any error in the admission of the drug-test results was harmless. *See A.D.H.–G.*, 2016 WL 3182610, at *6; *K.C.P.*, 142 S.W.3d at 580–81; *see also* TEX. R. APP. P. 44.1(a)(1) (judgment may not be reversed unless the error probably caused the rendition of an improper judgment). Other evidence at trial indicated that Appellant no-showed nine times for drug testing while this case was pending, and Appellant admitted that she had attempted to cheat on a hair follicle drug test by using a wig. Furthermore, one of Appellant's other children, a young child that had previously been removed from Appellant's care by the Department but had been placed back in Appellant's care for a monitored return, tested positive for marihuana while in Appellant's care during the monitored return. That child's positive drug test precipitated the removal of J.S., who was an infant at the time. We note that, to support a finding that Appellant endangered J.S., Appellant's offending conduct did not have to be directed at J.S., nor did J.S. actually have to suffer an injury. *See In re J.O.A.*, 283 S.W.3d 336, 345 (Tex. 2009). Because we conclude that any error in the admission of Exhibit Nos. 5 and 6 was harmless, we overrule Appellant's sole issue on appeal.

We affirm the trial court's order of termination.


February 7, 2019                                   JIM R. WRIGHT

Panel consists of: Bailey, C.J.,               SENIOR CHIEF JUSTICE
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

_____

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.